

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 18, 1967

Honorable Burton G. Hackney
Commissioner, State Department
 of Public Welfare
John H. Reagan Bldg.
Austin, Texas 78701

Opinion No. M-148

Re: Whether House Bills Nos. 78 and 80, 60th
Legislature, 1967, have the effect of re-
pealing Section 246, Texas Probate Code,
so as to preclude a court from ordering that
no costs or fees be charged needy persons
in guardianship proceedings; and related
constitutional questions.

Dear Mr. Hackney:

You have requested the opinion of this office regarding the subject question.

Section 246, Texas Probate Code, is quoted as follows:

"Whenever a guardian is appointed for the purpose of enabling a person
to receive public assistance which is contingent upon need, from the State or
Federal Government, the court may, in its discretion, order that no costs or
fees be charged in connection with the proceeding."

Based upon the above statute, your letter of request is quoted, in part, as follows:

"The Probate Courts in most of the Counties in the State of Texas have
been waiving the Court costs in guardianship proceedings for the needy aged,
blind, disabled, and families with dependent children whenever it was necessary
to have a guardian appointed in order that such individuals could receive their
Public Assistance grants. In most instances, the recipients are completely with-
out funds or are living on a very low-income level and depending primarily
upon their assistance grants for support.

"Although the State Department of Public Welfare does not actually
file the petitions for guardianships, the Department is involved because it can-
not make assistance payments to an individual who is incapable of handling his
own affairs and endorsing his own checks until a legal guardian has been
appointed.

"The Department has received notice that in some of the Counties,
guardianship papers on behalf of the indigent recipients of Public Assistance
cannot be filed without the payment of Court costs. The Department is with-
out legal authority to pay the Court costs and the recipients, or potential
recipients, are not financially able to do so. It is our understanding that the
County Clerks are relying upon House Bills No. 78 and No. 80 as their legal

authority for requiring the payment of Court costs."

House Bill No. 78, 60th Legislature, Regular Session, 1967, Chapter 680, page 1785 and House Bill No. 80, 60th Legislature, Regular Session, 1967, Chapter 681, page 1789 were enacted as fee bills affecting the amount of fees that must be collected by County Clerks. Both of these enactments purported to repeal a number of specific statutes, plus all others in conflict with the new statutes. It is the view of this office that Section 246, Texas Probate Code, is not affected by the enactment of House Bills 78 and 80, for the reason that these enactments simply provide for the establishment of certain fees collectable by the County Clerk for certain specific acts. Section 246 is not a fee statute, but is an authorization to the County Judge to waive the payment of fees in certain circumstances. A close examination of House Bills 78 and 80 reveals nothing which would lead us to conclude that the Legislature intended to amend or repeal the authority granted to the Court to waive costs or fees in certain circumstances.

In view of the foregoing, your questions regarding the constitutionality of House Bills 78 and 80 need not be answered.

## SUMMARY

House Bills Nos. 78 and 80, 60th Legislature, 1967, do not repeal or amend Section 246 of the Texas Probate Code.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Malcolm L. Quick
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
W. O. Shultz
Gilbert Pena
Z. T. Fortescue

A. J. CARUBBI, JR.
Staff Legal Assistant